No. 6136.

THOMAS E. REED *v.* THOMAS J. HOWARD.

1. CONTRACT FOR JOINT ACQUISITION OF PUBLIC LANDS.—A contract for the joint acquisition of title to vacant land is neither within our statute of frauds nor against public policy. Such contract can be enforced by partition of such lands.
2. HOMESTEAD RIGHTS IN LANDS.—Such rights attach to the land when acquired subject to any burden, legal or equitable, upon it at the time of its occupancy as homestead. A contract to acquire land to be used as homestead does not require the assent of the wife, and it will be enforced without her aid or consent, even after its occupancy as the homestead.
3. PARTITION.—In a suit for partition, the jury are not authorized to prescribe in the verdict how lands shall be divided. The verdict ascertains the rights of the parties. Decree for partition follows. Commissioners divide according to the decree, subject to approval of the court.

ERROR from Kinney. Tried below before Hon. T. M. Paschal.

*Solon Stewart,* for plaintiff in error, cited article 16, section 50, of the Constitution; Revised Statutes, articles 3939, 3940, to 3947.

WALKER, ASSOCIATE JUSTICE. February 27, 1885, Howard brought suit against Reed, alleging for cause of action in substance that on February 29, 1884, they agreed together to acquire title to three hundred and twenty acres of land then held by one Haltom under a contract to purchase it from the State; that in pursuance with their contract they bought Haltom's interest, and he surrendered his contract for purchase with the State; that on the next day, March 1, 1884, the parties, Howard and Reed, each being head of a family, filed an application for pre-emption of one hundred and sixty acres—Howard for the west half and Reed for the east half of the Haltom tract; that in the agreement they were to dig a well for their common use, and within ten months make an equitable partition of the lands; that the parties had dug a well which furnished ample supply of water for use of both parties; that the well was on the east half; that it would be difficult if not impossible, at any reasonable cost, to get a well upon the west half; that each

had made improvements on the land; that each, by the pre-
emption law, had acquired a right to the land pre-empted by
him. Plaintiff requested judgment for partition so as to allow
him access to the well and an equitable half of the land in
value, etc.

The defendant excepted to the petition: (1) Because the
alleged contract was not in writing; (2) because the contract
was against public policy; and (3) because it sought to control
the homestead rights of defendant, under a contract not exe-
cuted by the wife of defendant. A general denial was also
pleaded.

Upon trial the jury found a general verdict for the plaintiff
and responded to several special issues submitted in the
charge.

The fourth, fifth and sixth special findings are as follows:

4. We find they are entitled to one hundred and sixty acres
each. 5. We find the division line as to leave well equally
upon land of each, also their improvements respectively. 6.
We find the well and land to be equally divided, as marked out
on plat:

Upon this verdict a decree was rendered, giving the plaintiff
the west and defendant the east part of the land with field
notes.

The exceptions urged to the petition invoke the application
to a new state of facts of principles well recognized by our
courts.

That a contract for the purpose of jointly acquiring title to
vacant lands and for sharing them when acquired is neither
within the statute of frauds nor against public policy has been
held in the many cases enforcing parol contracts made by
owners of land certificates with land locators, where a locative
interest is stipulated to be taken by the locators. (10 Texas,
340, Wilkins v. Gilkerson; 18 Texas, 16, Miller v. Roberts; 28

---

---

Texas, 132, Smock v. Tandy; 45 Texas, 423, Gibbons v. Bell.) We know of no case holding otherwise.

As to the homestead rights, they attach to the land as acquired subject to any burden, legal or equitable, upon the land at the time of its occupancy as a homestead. The contract did not need the assent of the wife, and the homestead rights were subordinate to Howard's rights to an equitable partition. (51 Texas, 150, Clements v. Lacy.) We do not think such contract would be an obstacle to the acquisition by these parties of homesteads covering the three hundred and twenty acres under the pre-emption laws which require the applicant to make affidavit to his claim as being in good faith.

Neither the pleadings nor evidence, however, authorize the judgment as entered. The decree should have followed the verdict, adjudging to the plaintiff his one hundred and sixty acres to be so surveyed as to give common access to the well to both parties and dividing the three hundred and twenty acres to the best advantage to the parties, giving to each, if possible, his improvements. Commissioners should have been appointed to make the partition in accordance with the decree. Upon their report the division lines could be ascertained and confirmed.

The judgment is reversed and remanded, the judgment to be entered in accordance with the verdict and proceedings to be taken as here indicated.

*Reversed and remanded.*

Opinion delivered June 15, 1888.