### W. B. FERGUSON v. STRINGFELLOW & HUME ET AL.

Decided November 9, 1907.

**1.—Partition—Parties—Vendee.**

In a suit for partition between the original cotenants, a purchaser from one of the cotenants of a specific part of the common property is not only a proper, but a necessary party.

**2.—Same—Limitation.**

It seems that where a cotenant has sold a specific portion of the common property and the vendee has had possession of the same for such a length of time as to give him title thereto by limitation against the other cotenant, said portion will be charged to the cotenant selling the same in a suit for partition between the original cotenants.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*H. C. Ferguson,* for appellant.—The petition alleging, and the proof showing, that an agreement for partition of the four lots in controversy had been made between appellant and appellees Stringfellow & Hume, and that the same was in writing and unequivocal, and made with full knowledge of all the facts, it was error for the court to refuse to specifically enforce the same, especially when it was alleged and proved that possession had been taken under said agreement and valuable improvements made. Johnson v. Johnson, 65 Texas, 87; Glasscock v. Hughes, 55 Texas, 461; High v. Tarver, 25 S. W. Rep., 1098; 21 Am. & Eng. Ency. of Law, p. 1131, and same vol., p. 1137.

Vol. XLVII. Civil—29.

The court erred in rendering judgment that Stringfellow & Hume were entitled to one-half of the three lots, and refusing to charge against their interest therein the lot which they had conveyed to J. J. Dillard, and which was nearly equal to their interest in said four lots. Maverick v. Burney, 88 Texas, 561-2; Ker v. Paschall, 1 U. C., 709; Arnold v. Cauble, 49 Texas, 532.

*H. H. Cooper,* for appellees.—It being alleged that Stringfellow & Hume had no interest, at the time suit was filed, in the property attempted to be partitioned, belonging to J. J. Dillard, and appellant not alleging any interest adverse to Dillard therein, it was the duty of the trial court to dismiss him. Peterson v. Fowler, 73 Texas, 524; Winn v. Heidenheimer, 56 S. W. Rep., 950.

The court did not err in refusing to make any provision for appellant's protection for the improvements by plaintiff placed upon the lots partitioned, because plaintiff's pleading and evidence failed to show that said improvements were made in good faith. Houston v. Sneed, 15 Texas, 310; Ragsdale v. Gohlke, 36 Texas, 288; French v. Grenet, 57 Texas, 278; Texas & P. Ry. Co. v. Barber, 71 S. W. Rep., 393.

SPEER, ASSOCIATE JUSTICE.—W. B. Ferguson, as owner of an undivided one-half interest in four certain lots in the town of Lubbock, sued R. L. Stringfellow and E. E. Hume for specific performance of a contract for partition, and also in the alternative for a partition, making J. J. Dillard a party defendant, and alleging that said Stringfellow and Hume had owned the other undivided one-half interest in said lots and had previously conveyed, or attempted to convey, all of one of the lots to said Dillard, who had gone into possession and made valuable improvements. The plaintiff prayed that in the partition between himself and Stringfellow and Hume the Dillard lot be set over to the defendants, and charged to their interest in the common estate. The defendants Stringfellow and Hume answered by general and special demurrers, general denial, and by special plea. The defendant Dillard answered, setting up his purchase from Stringfellow and Hume, and adopting the prayer of plaintiff. The court sustained a special demurrer interposed by Stringfellow and Hume, and dismissed from the case the defendant Dillard, and refused to consider in the partition the Dillard lot. There was judgment for partition between plaintiff and defendants Stringfellow and Hume of the three remaining lots. The plaintiff has appealed.

It is the general rule, not without exception, however, that a partition amongst cotenants must embrace the entire common estate, and not parcel by parcel, and where the estate in common consists of several tracts it is not necessary that there should be assigned to each cotenant a share in each parcel. Hager v. Wiswall, 10 Pick., 152. So that, if Stringfellow and Hume had not conveyed one of the lots out of the common estate to another, there could be no question but that the suit for partition of the entire common estate was properly brought. Now, it is equally well settled that a purchaser from one of the cotenants of a specific part of the common property is not only a proper but a necessary party to a suit for partition between the original co-

tenants.  Maverick v. Burney, 88 Texas, 560.  It would follow that appellant's suit was properly brought for the partition of the four lots, whether upon the agreement to partition or not, and that the defendant Dillard was properly joined.  The effect of the court's judgment in dismissing from the partition the lot held by Dillard might work a great injustice, in that it would allow appellees Stringfellow and Hume the full benefit of the value of that lot wrongfully sold by them out of the common estate, and perhaps deny to the purchaser the protection to which he might equitably be entitled on a partition by having the lot set over to his grantor, and thus perfecting his title by estoppel.  Whether, in a partition, the Dillard lot would be set over to Stringfellow and Hume, appellee Dillard could not, of course, know; but he was, at least, entitled to the chance that it would be done.  Again, the plaintiff, never having assented to the Stringfellow and Hume sale, can not be required to seek a partition of that lot only with the purchaser.  Barnes v. Lynch, 151 Mass., 510; 24 N. E. Rep., 783; 21 Am. St. Rep., 470.

The agreement for partition relied upon by appellant appears to have been embraced in the written correspondence between himself and appellees Stringfellow and Hume, and provided that the Dillard lot should be charged to the interest of Stringfellow and Hume.  These appellees pleaded, in defense of the agreement, that they were induced to enter into same by the false and fraudulent representations of appellant that such a partition would be a fair division of the property, but that in truth they afterward discovered that the division was unfair, and that the lots set over to them were of much less value than those set apart to appellant; and further, that by such partition they were perfecting the title to the Dillard lot when they had "no right, title or interest in and to" the same.  The evidence, however, wholly fails to support such plea.  In truth, there is no evidence whatever tending to support it.  Appellee Stringfellow testified that he learned the day after accepting appellant's proposition that the Dillard lot had been conveyed more than five years, and that, having consulted his lawyer, he was told he would not have to account for this lot in the partition, and he therefore withdrew all propositions and agreements of settlement.  The only evidence of values showed that the division was a fair one.  We therefore reverse the judgment of the District Court and here render judgment according to the terms of the agreement between appellant and appellees, Stringfellow and Hume, that the common estate be partitioned and divided as follows: that is, that lot 6, in block 104, and lot 9, in block 120, be set aside to appellees Stringfellow and Hume, and that lot 14, in block 119, and lot 12, in block 104, be set apart to appellant, and that appellee Dillard be quieted in his title and possession of lot 6, in block 104.

*Reversed and rendered.*

Writ of error refused.