## McSHAN v. JOHNSON.

(Court of Civil Appeals of Texas. San Antonio. Nov. 20, 1912.)

1. PARTITION (§ 78*)—PROCEEDINGS TO MAKE ACTUAL PARTITION—DIVISION BY VALUE.

Under Rev. Civ. St. 1911, art. 6108, requiring the court, before entering a decree of partition, to determine whether the property or any part is susceptible of partition, and, if so, to appoint commissioners to make such partition, the duty of dividing the land as to value is confided to the commissioners, and they may divide it according to value, although the court determines that each of the parties is entitled to one-half.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 265–273; Dec. Dig. § 78.*]

2. PARTITION (§ 91*)—PROCEEDINGS TO MAKE ACTUAL PARTITION—DIVISION BY VALUE.

In a partition suit, the court did not err in appointing new commissioners and surveyor to make partition, when those first appointed failed or refused to act.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 225–264; Dec. Dig. § 91.*]

3. PARTITION (§ 91*)—PROCEEDINGS TO MAKE ACTUAL PARTITION—DIVISION BY VALUE.

A motion in a partition suit for the appointment of a surveyor and commissioners to make partition, alleging that the court awarded a writ of partition, and that the commissioners and surveyor appointed had failed and refused to carry out their duties, was sufficient, although it did not state that a writ of partition, accompanied by a certified copy of the decree, was ever issued to the sheriff.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 225–264; Dec. Dig. § 91.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by L. W. Johnson against L. F. McShan. From the judgment, defendant appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Short & Feild and Walter Seay, all of Dallas, for appellant. Etheridge & McCormick, and H. L. Bromberg, all of Dallas, for appellee.

FLY, C. J. Appellee instituted a suit against L. F. McShan to partition a tract of 160 acres of land, being a part of the William Crabtree 320-acre survey, in Dallas county, claiming that each party owned an undivided one-half interest in the premises. Appellee claimed to have placed improvements on the south one-half of the tract, and that appellant had improved the north half of the land. Appellant answered that under an adjustment of the business affairs of appellant and appellee, who had been partners, it was ascertained that appellee was indebted to appellant, and that in order to have an adjustment of their business affairs they agreed that the land should be divided, so that appellant should have all the land lying south of a certain line, and appellee all lying north therefrom, and a division fence was constructed on said agreed line. The court instructed the jury to return a verdict in favor of appellee for one-half the land described in the petition, and in favor of appellant for the other half, and the court rendered judgment on such verdict, partitioning the land, one-half in value to each of the parties, without considering the value of the respective improvements, and commissioners were appointed to make the partition. Afterwards, at the instance of appellee, new commissioners were appointed; the others having failed to act. The last commissioners reported, setting apart to appellee 81.9 acres of land, of the value of $5,767.50, exclusive of improvements which had been made thereon by appellee, and to appellant 71.9 acres, of the value of $5.767.50, exclusive of improvements made by him, and the report was confirmed by the court, and judgment rendered accordingly.

The statement of facts contains nothing but the evidence heard on the confirmation of the report of the commissioners. That statement shows that the 71.9 acres of land awarded to appellant was equal in value to the 81.9 acres awarded to appellee, and that each got all of his improvements. The tract awarded to appellant was much nearer the railroad, on which is a siding and a little settlement. The only objections to the judgment are that the verdict was for one-half of the land to each party, and the court decreed to each one-half in value, instead of quantity. The law as embodied in title 101, c. 1, Rev. Civ. Stat. 1911, was followed in the proceedings of the court below. It was determined that each of the parties was entitled to one-half the land, that it was capable of partition, that it should be partitioned in accordance with the respective shares or interests of each party, specifying the share or interest of each party, and three disinterested persons were appointed to make the partition. A surveyor was appointed, and the commissioners partitioned the land, "having due regard in the division to the situation, quantity, and advantages of each share, so that the shares may be equal in value as nearly as may be, in proportion to the respective interests of the parties entitled." Rev. Civ. Stat. 1911, art. 6108 (old article 3618). The report of the commissioners was made in strict compliance with law.

[1] The amendment of 1905 gave to the court the power of determining whether the land was susceptible of division and to decree a partition in accordance with the respective shares found by the court. Gorman v. Campbell, 135 S. W. 177. The duty of dividing the land as to value, however, is confided to the commissioners, for the plain reason that they alone are in a position to make a fair and equitable division; and although the court may determine that each of two claimants is entitled to one-half the land the commissioners have the authority, and it is their duty, to divide the land according to value of the respective shares. Any other manner of procedure would be unjust and inequitable, as in this case, where appellant is not contending that he has not received as much in value as appellee, but that he should have a certain half of the land, regardless of value. Such a contention is not sustained by law, and will not be tolerated in a court of equity.

[2, 3] There is no merit in the sixth assignment of error. The court did not err in appointing new commissioners and surveyor, when the first failed and refused to act. The only objection urged to such appointment is the insufficiency of the motion asking for the appointment, in that it did not state that a writ of partition, accompanied by a certified copy of the decree, was ever issued to the sheriff. No objection was urged to the motion in the lower court, when it was presented. The motion alleged that the court had awarded a writ of partition, and had appointed commissioners and surveyor, and that they "have failed and refused to carry out their duties under said writ of partition." The motion was sufficient.

The judgment is affirmed.