**Blanca AZIOS, M.D., et al., Appellants,**

v.

**Peter SLOT, Appellee.**

**No. 13611.**

Court of Appeals of Texas, Austin.

June 1, 1983.

---

Kay Kreck, Houston, for appellants.

Anthony F. Mercurio and Fred L. Unger, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Blanca Azios and Jacqueline Slot appeal the trial court's judgment ordering the appointment of special commissioners to partition real estate in kind, denying appellant's timely request for a jury trial on the issue of the land's partitionability. Appellants challenge the trial court's refusal to grant them a jury trial on the factually disputed issue as to whether the land can be partitioned; they alternatively claim that the evidence is factually insufficient to support the trial court's partition in kind of the realty. We hold that the trial court erred in refusing appellants' timely request for a jury trial, made in accordance with Tex.R. Civ.P.Ann. 216 (1967), on the factual dispute as to the land's partitionability, and therefore, we remand the case at bar for a new trial in accord with this opinion.

Appellant, Jacqueline Slot and appellee Pete Slot, as husband and wife, acquired an undivided one-half interest in realty as their community property with appellant Blanca Azios owning the other undivided one-half interest. Subsequently, appellant Jacqueline Slot and appellee Pete Slot obtained a divorce and their community interest in the realty was equally divided. This resulted in appellant Blanca Azios owning her original one half of the entire property while appellant Jacqueline and appellee Pete Slot each owned one fourth of the entire property.

Appellants Jacqueline Slot and Blanca Azios brought suit to have their respective interests in the property partitioned and alleged in their pleadings below that the property was *not* partitionable in kind and petitioned the trial court to sell the property pursuant to Tex.R.Civ.P.Ann. 770 (1979). Appellants unsuccessfully sought a jury trial on the issue of the land's partitionability.

The primary questions presented to this Court in this appeal is if appellants are initially entitled to a jury determination as to whether the land is partitionable, and if so, at what point in the partition proceeding does this right arise.

I.

Texas Const.Ann. art. I, § 15 (1955) states, in relevant part: [1]

> The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. [emphasis added]

In further examining this State's Constitution, we find that art. V, § 10 (1955) states: [2]

> In the trial of all cases in the District Courts, the plaintiff or defendant *shall*, upon application made in open court, *have the right to trial by jury;* ... [emphasis added]

1. Texas, by successive constitutions both as a Republic and as a State, has protected the right to a jury trial in those cases where a jury would have been proper at common law. Tex. Const. art. I, § 15 (1876); Tex. Const. art. I, § 12 (1868); Tex. Const. art. I, § 12 (1861); Tex. Const. art. I, § 12 (1845); Const. of the Republic of Texas, *Declaration of Rights,* number 9 (1836).

2. In *Cockrill v. Cox,* 65 Tex. 669 (1886), the Texas Supreme Court wrote that the present Judiciary Article protecting the right to a jury trial was added by the Constitution of 1845 because the Bill of Rights Article contained in the Constitution of the Republic did not extend to causes in equity. Tex. Const. art. IV, § 15 (1845). In other words, the Judiciary Article was intended to broaden the right to a jury afforded by Article I, § 15. *Tolle v. Tolle,* 101 Tex. 33, 104 S.W. 1049, 1050 (1907); *Hatten v. City of Houston,* 373 S.W.2d 525, 531–35 (Tex. Civ.App.1963, writ ref'd n.r.e.); *Walsh v. Spencer,* 275 S.W.2d 220 (Tex.Civ.App.1955, no writ). Subsequent Constitutions extended the right to a jury trial to "all cases of law or equity." Tex. Const. art. IV, § 16 (1845). It was the present Constitution of 1876 which changed the words of the earlier Constitutions from "all cases of law or equity" to its present form "trial of *all* causes." [emphasis added]

Accordingly, this "inviolate right" is jealously guarded and preserved by the Courts of this State. *State v. Credit Bureau of Laredo*, 530 S.W.2d 288 (Tex.1975); *Brown v. Chenoworth*, 51 Tex. 469 (1879); *Rayson v. Johns*, 524 S.W.2d 380 (Tex.Civ.App.1975, writ ref'd n.r.e.); *Silver v. Shefman*, 287 S.W.2d 316 (Tex.Civ.App.1956, writ ref'd n.r.e.).

In examining the rules which govern a partition of realty, we find that Tex. R.Civ.P.Ann. 777 (1979) states:

The same rules of pleading, practice and evidence which govern in other civil actions shall govern in suits for partition, when not in conflict with *any provisions of the law or these rules relating to partition.* [emphasis added]

Accordingly, since the constitutional guarantee of a jury trial is not and can not be in conflict with "any provision of the law or these rules relating to partition," we hold that the resolution of disputed factual issues in partition suits—the partitionability of land—is within the broad grant of a right to a jury trial contemplated in art. I, § 15 and art. V, § 10 of our Constitution. We are not alone in our holding. *White v. Smyth*, 214 S.W.2d 967 (Tex.1948); *Rayson v. Johns, supra.*[3]

## II.

Having determined that appellants are entitled to a jury trial in the determination of whether the realty may be equitably partitioned, we now must determine at which point throughout the partition proceeding they are entitled to exercise that right.

A partition proceeding is unique in that it proceeds in successive stages. Initially, the person seeking the partition brings suit asking the trial court to equitably divide the realty among the various co-owners, Tex.R. Civ.P.Ann. 756 (1979). The trial court, by its initial decree, then determines whether the property is susceptible to a partition or division in kind among the co-owners, or whether the whole or any part of it cannot be fairly divided, and therefore, must be sold and the money received from the sale divided equitably among the co-owners. Tex.R.Civ.P.Ann. 761 (1979). (It is at this critical juncture that appellants demand that they are entitled to a jury determination as to the partitionability of the realty.) If the trial court determines that the land is *not* partitionable, "it shall order a sale of so much as is incapable of partition ... and the proceeds thereof shall be returned into the court and be partitioned among the persons entitled thereto, according to their respective interests." Tex.R.Civ.P.Ann. 770 (1979). If the trial court determines that the land is capable of a fair partition, the trial court "shall appoint three or more competent and disinterested persons as commissioners to make such partition." Tex.R.Civ.P. 761 (1979). The commissioners then divide the realty into separate shares, relatively equal in value to the proportionate share owned by each person as determined by the trial court's initial decree. Tex.R.Civ.P.Ann. 768 (1979). The commissioners then file a sworn report of their actions with the trial court showing a detailed account of their division and allocation of the realty among the co-owners. Tex.R.Civ.P.Ann. 769 (1979). "Either party to the suit may [then] file objections to any report of the commissioners in partition, and in such case a trial of the issues thereon shall be had as in other cases." Tex.R.Civ. P.Ann. 771 (1979).

From this latter rule appellee contends that appellants may only have a jury determination in objecting to the report made by the commissioners; therefore, appellants are not entitled to a jury trial at the initial determination as to whether the land is partitionable. Appellee argues to do so would allow appellants to conceivably receive two jury trials on the issues of the

---

**3.** In *Robertson v. Robertson*, 425 S.W.2d 707, 708 (Tex.Civ.App.1968, no writ), Judge Sam Johnson wrote:

Generally, where the evidence is conflicting or admits of more than one inference, it is a question of fact for the jury or the trier of facts whether or not a partition in kind is feasible or a sale for division is necessary.

case. We note that appellee's argument overlooks the fact that the trial court's initial decree, which among other things determines whether the realty is partitionable, fixes the respective interests of the co-owners, and appoints the commissioners to partition, although often referred to as an interlocutory decree, is a final and appealable order which is conclusive of all matters decreed within it. *Rayson v. Johns, supra; Marmion v. Wells,* 246 S.W.2d 704 (Tex.Civ.App.1952, writ ref'd); *Castillo v. Farias,* 64 S.W.2d 989 (Tex.Civ.App.1933, writ ref'd). Consequently, the denial of a jury trial at that time of the partition proceeding effectively denies appellants a jury trial on those vital issues at any subsequent time.

It is uncontested before this Court that conflicting evidence was presented as to the realty's susceptibility to equitable division in partition in the proceedings held below. As such, it is unquestionably a factual dispute which, if timely requested, a jury should determine. *Rayson v. Johns, supra; Kuehn v. Wishard,* 452 S.W.2d 5 (Tex.Civ.App.1970, writ ref'd n.r.e.); *Robertson v. Robertson,* 425 S.W.2d 707 (Tex.Civ.App.1968, no writ).

Since we have already noted that if a jury trial is denied appellants at the initial determination by the trial court as to the realty's partitionability, they will be effectively denied a jury trial on this factual dispute; and since we have seen that appellants are constitutionally entitled to a jury trial in the resolution of the factual dispute as to the realty's partitionability; we hold that appellants are entitled to a jury trial at the initial determination as to the realty's susceptability to partition in kind when such matter is in dispute. To hold otherwise would be to ignore the plain language of our State's Constitution.[4]

Accordingly, we reverse the trial court's judgment and remand the cause for a new trial in accordance with this opinion.

---

4. Although such may at cursive glance appear cumbersome, a closer inspection shows that this is the only way in which the rights of all the parties to the partition action can be best protected. To follow appellee's argument that appellants should be denied a jury trial at the initial determination of the disputed factual issues of the partitionability of the realty, since they will be afforded the opportunity to have a jury determination of the facts when they object to the commissioners' report *also* ignores the fact that, if the initial determination by the trial court orders the realty sold because it is not partitionable, the parties will never have an opportunity for a jury trial—since no commissioners' report will ever be filed—since no commissioners will have ever been appointed to equitably partition the realty.

To hold that a party is entitled to a jury trial at the initial determination only when the trial court determines that the land is not susceptible to partition ignores the fact that the initial determination would have already been made by the trial judge for the parties to know of the trial court's decision. In examining the specific Rules of Civil Procedure, we find no such mechanism for a jury trial de novo review of the trial court's initial determination before the sale of the non-partitionable land. We instead feel bound to follow the plain language of our Constitution and hold that a jury trial is available at the request of either party, if timely and otherwise properly made, at the initial determination as to the realty's susceptibility to partition in kind.