**ACCOUNTING SEARCH CONSULT-
ANTS, INC. and James V.
Long, Appellants,**

v.

**James F. CHRISTENSEN, Appellee.**

**No. C14–83–564CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 5, 1984.

Ken Hartfiel, Schwartz, Kalinowski & Hartfiel, Rosenberg, for appellants.

W. Stephen Barber, Barber, Jaworski & Lee, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This appeal is from a judgment in favor of James F. Christensen, appellee, permitting his inspection of the corporate books and records of Accounting Search Consultants (ASC) and awarding costs and expenses, including attorney's fees. We reverse and remand for a jury trial on the fact question of the reasonableness and necessity of costs and expenses to which appellee may be entitled.

On July 27, 1981, appellee, a stockholder in appellant corporation, made a written demand to James V. Long, president of said corporation, for inspection of its records and books. Following appellants' refusal to comply, appellee petitioned for a Writ of Mandamus to compel such inspection. An Agreed Order directing Long to produce the requested items was signed by the parties and approved by the trial court on January 13, 1982. Appellee filed a Motion for Costs and Expenses on April 5, 1982. The transcript reflects appellants timely paid a jury fee April 19, 1982, long before the non-jury hearing on costs and expenses was conducted. Appellee filed an amended motion on July 1, 1982. The motion was heard by the court on July 19, 1982, and was granted by order signed by the court on August 6, 1982. In that order appellants were ordered to deposit $5,100 into the registry of the court. That order also recites that the court reviewed the pleadings and heard argument of counsel. There is no indication that any evidence was heard. Complying with the August 6 order, appellants deposited $5,100 into the registry of the court. On June 13, 1983, appellee filed a motion to disburse said funds to appellee and noticed such motion for hearing on July 5, 1983. Still sitting without a jury, on July 7, 1983, the court signed an order granting appellee's Motion to Disburse Funds. The July 7 order does not state that any hearing was held but recites only that it had come to the attention of the court that appellants had deposited $5,100 as previously ordered. Appellants perfected their appeal from that disbursement order.

Appellants originally presented two points of error but subsequently withdrew one of them in a supplemental brief. In their remaining point they contend error in the trial court's disbursement to appellee of the funds deposited by appellants into the court's registry because such action denied them their right of jury trial. The jury fee was paid timely pursuant to TEX.R.CIV.P. 216. We hold that appellants were entitled to a jury trial on the remaining issues and accordingly sustain their sole point of error. It is clear that appellants were never afforded a jury trial on the remaining contested fact issues, the reasonableness and necessity of the costs and expenses.

Historically Texas has long recognized the importance of the right to a trial by jury. Even as a republic Texas recognized

that right in certain instances. The right enlarged as the republic became a state and adopted a series of constitutions. The Bill of Rights of the Republic of Texas did not permit a jury trial in equitable causes of action. As the constitution evolved, it extended the right to a jury trial to "all cases of law or equity." Finally, in 1876 the Constitution established the right to a jury in the "trial of all causes."[1] TEX. CONST. art. I, § 15 (1955) includes this often-quoted sentence: "The right of a trial by jury shall remain inviolate." This "inviolate right" has been jealously guarded by Texas courts. *State v. Credit Bureau of Laredo, Inc.,* 530 S.W.2d 288 (Tex.1975); *Rayson v. Johns,* 524 S.W.2d 380 (Tex.Civ. App.—Texarkana 1975, writ ref'd n.r.e.); *Silver v. Shefman,* 287 S.W.2d 316 (Tex. Civ.App.—Austin 1956, writ ref'd n.r.e.); *Brown v. Chenoworth,* 51 Tex. 469 (1879). *See also* 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 11.02 (rev. 1983).

We construe the right to a jury trial to include a situation such as in the instant case to determine the necessity and reasonableness of costs and expenses, including attorney's fees, incurred subsequent to a mandamus action ordering the inspection of corporate books and records. *Uvalde Rock Asphalt, Co. v. Loughridge,* 425 S.W.2d 818, 819 (Tex.1968). The right of shareholders to inspect such books is a right statutorily granted by Tex.Bus.Corp. Act Ann., art. 2.44, § B (Vernon 1980). A stockholder must initially have a proper purpose in requesting the right of inspection. *Uvalde* held that a Writ of Mandamus is a proper method of enforcement of the right of inspection of the books and records of a corporation. *Uvalde, supra* at 819. *Uvalde* also held that, assuming timely payment of the jury fee, a corporation is entitled to a jury's determination of the contested factual issue of whether the shareholder had a proper purpose in demanding to inspect the books. We hold that the same right to a jury trial applies to

the fact question of the necessity and reasonableness of costs and expenses, including attorney's fees. Even though appellants and appellee had entered into an agreed order regarding that inspection, it does not follow that such an order eliminates the right to question later the necessity or reasonableness of fees, costs, and expenses connected therewith. The agreed inspection did not deprive the corporation from thereafter paying a jury fee and becoming entitled to a jury trial on the reasonableness and necessity of those expenditures.

Some might argue that the request for a jury trial, coming when it did here, between the Agreed Order for Writ of Mandamus and the disputed disbursement of the funds, "consolidates" two causes of actions into one transaction, thus rendering the request untimely as such request did not precede the mandamus portion of the trial court proceeding. We disagree and analogize the instant case with what we view as two similar situations: (1) a trial in which the issues of liability and damages are tried separately, and (2) a case involving an interlocutory default judgment on liability only followed by a trial on damages. In the first illustration, the parties involved could request and receive a bench trial on the issue of liability alone. With that issue resolved, either party could, at that stage of the proceeding, timely pay a jury fee and receive a jury trial on that remaining issue. In the second example given, a plaintiff may take an interlocutory default judgment on liability against a party, but the defendant still retains the right to timely pay a jury fee and receive a jury trial on damages. TEX.R.CIV.P. 241, 243. *Illinois Employers Insurance Company of Wausau v. Lewis,* 582 S.W.2d 242 (Tex.Civ. App.—Beaumont 1962, writ ref'd).

Further, the record contains no evidence that to have granted the timely request for a jury on the remaining fact issue (1) would have worked any hardship or prejudice to

---

**1.** See *Azios v. Slot,* 653 S.W.2d 111 (Tex.App.— Austin 1983, no writ) for an excellent historical review of the right to a jury trial in this state.

appellee or (2) would have disrupted or materially interfered with the orderly flow of the court's docket. *See First Bankers Insurance Co. v. Lockwood*, 417 S.W.2d 738, 739 (Tex.Civ.App.—Amarillo 1967, no writ).

Appellee's reliance upon *Chavco Investment Co. v. Pybus*, 613 S.W.2d 806 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) is misplaced. This court held the appellant in *Chavco* was not entitled to a jury trial because he had no official receipt showing timely payment of the jury fee and because, even if he had possessed such a receipt, he had waived his demand for a jury trial due to his counsel's refusal to appear at the non-jury hearing. Neither situation occurred here. The record contains a fee officer's official receipt evidencing timely payment of a jury fee. In addition there is no evidence that appellant's counsel refused to appear at any of the non-jury hearings.

We reverse the judgment of the trial court and remand the case at bar for a jury trial in accord with this opinion.