**Frank D. YTURRIA, Appellant,**

v.

**Marion Yturria KIMBRO, Kimbro Family Properties, Ltd., and Fausto Yturria, Jr., Appellees.**

**No. 13–94–177–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 29, 1996.

Darrell Barger, Barger & Moss, Corpus Christi, Craig Zobel, Canales & Simonson, Corpus Christi, Rollins M. Koppel, Koppel, Ezell, Powers & Kimball, Harlingen, Shirley Selz, Gary, Thomasson, Hall & Marks, Corpus Christi, Moses M. Salas, Jr., Harlingen, for Appellant.

Jerry L. Stapleton, Stapleton, Whittington, Curtis & Boswell, Harlingen, Lance K. Bruun, Corpus Christi, Jack Paul Leon, San Antonio, Kathryn F. Green, Kleberg & Head, Corpus Christi, for Appellees.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Frank D. Yturria appeals from a judgment ordering the partition of real property and appointing commissioners to make the partition of property jointly owned by him and appellees, Marion Yturria Kimbro and Fausto Yturria, Jr. Appellant raises fourteen points of error complaining generally that he was denied his right to a jury trial and to present evidence when the trial court summarily ordered partition after a pre-trial hearing. We reverse and remand.

In January of 1992, Marion Yturria filed the present lawsuit for the partition of three separate tracts of land (referred to as "Share One," "Share Three" (which includes a subtract known as the "Retama Farm"), and the "Guadalupe Farm") between herself and her two brothers, Frank D. Yturria and Fausto Yturria, Jr., the three surviving children of Fausto Yturria, Sr. The land had been held in a trust that terminated in 1993, at which time each of the three children were entitled to an equal share of the properties, for which Marion requested partition in kind. Fausto generally joined Marion in asking for partition of the property in kind. In addition, Marion and Fausto together alleged that they made substantial improvements to a certain portion of Share One known as the "Tres Esquinas headquarters," which should be given to them or reimbursement paid in the amount of not less that $100,000.

However, appellant though he admitted that each of the three children had an equal interest in the property which should be partitioned in kind, raised certain equitable

considerations in connection with the manner of partitioning the property. Specifically, appellant alleged that the three tracts have separate characteristics that should be considered in connection with the partition.[1] In particular, appellant asked that the trial court take into consideration his participation in ranching activities on the tracts to be partitioned, that he has made substantial improvements to the various tracts that should be considered in the partition, and that he should be awarded that portion of the Retama Farm which is adjacent to his other Farm.

In addition, appellant asked for a jury trial on the partitionability in kind of each of the various tracts. Although he agrees that the tracts are generally partitionable in kind, he requests a jury determination that each of the four subdivisions of the property (Share One, the Retama Farm, the remainder of Share Three, and the Guadalupe Farm) should be separately partitioned into thirds rather than having the conglomerate partitioned as a whole between the parties.

The trial court held an initial pretrial hearing at which it determined that no fact issues existed for trial. Accordingly, the trial court signed the present decree appointing commissioners and ordering partition of the property. The trial court instructed the commissioners, among other things, to consider which party made various improvements in making the partition, and that the parties are entitled to an equal share of the whole, but not necessarily an equal share of each separate parcel.

Appellant brings fourteen points of error, all complaining generally that he was denied a jury trial on key issues which should have been determined before the property in question was referred to the commissioners for partition.

By his first four points, appellant complains generally that he was improperly denied his right to a jury trial concerning the manner of partition and the various equitable considerations. By his sixth, seventh and ninth points of error, he complains specifically that the trial court erred in refusing to allow him to present evidence suggesting that he should have been awarded the eastern portion of the Retama Farm and concerning the enhancement value of improvements made on the property and any offsetting considerations.

The Texas Rules of Civil Procedure provide a two-step procedure for partition of real estate. *See* Tex.R.Civ.P. 756 *et seq.* Texas Rule of Civil Procedure 760 provides that, "[u]pon the hearing of the cause, the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise." Rule 761 then provides, in pertinent part, that "[t]he court shall determine before entering the decree of partition whether the property, or any part thereof, is susceptible of partition." If the property is not partitionable in kind, the trial court orders partition by sale. *See* Tex.R.Civ.P. 770. However, if the court determines the land to be partitionable in kind, it then appoints commissioners to make the partition and instructs them in its decree concerning the share or interest of each party. Tex.R.Civ.P. 761.

Texas Rule of Civil Procedure 766 provides that "[t]he commissioners, or a majority of them, shall proceed to partition the real estate described in the decree of the court, in accordance with the directions contained in such decree and with the provisions of law and these rules." Rules 764 and 767 provide that the court, or the commissioners on their own authority, may appoint a surveyor and cause the property in question to be surveyed. Rule 768 then instructs the commissioners as follows:

> The commissioners shall divide the real estate to be partitioned into as many shares as there are persons entitled thereto, as determined by the court, each share

---

1. Share One comprises some 10,000 acres of range and brush land in Kenedy County which has special value for livestock grazing, hunting and recreation. Share Three comprises some 7,000 acres in Willacy County, 5,000 of which is brush and range land, and 2,000 of which is farmland adjacent to, and connected with, a separate farm owned by Frank. The Guadalupe Farm is some 1,000 acres of farmland located in Willacy County.

to contain one or more tracts or parcels, as the commissioners may think proper, having due regard in the division to the situation, quantity and advantages of each share, so that the shares may be equal in value, as nearly as may be, in proportion to the respective interests of the parties entitled. The commissioners shall then proceed by lot to set apart to each of the parties entitled one of said shares, as determined by the decrees of the court.

Rule 769 provides for a report of the division by the commissioners, and Rule 771 for objection to the report and appointment of new commissioners to re-partition the property if upon trial of the matter the original report is found to be "erroneous in any material respect, or unequal and unjust." Otherwise, the trial court shall enter a second judgment confirming the partition made by the commissioners.

Accordingly, unlike other proceedings, a partition case has two final judgments, both of which are appealable. *Griffin v. Wolfe*, 610 S.W.2d 466 (Tex.1980); *Thomas v. McNair*, 882 S.W.2d 870, 876 (Tex.App.—Corpus Christi 1994, no writ). The trial court's initial decree determining partitionability and appointing commissioners, although often referred to as an interlocutory decree, is a final and appealable order which is conclusive of all matters decreed within it. *Azios v. Slot*, 653 S.W.2d 111, 114 (Tex. App.—Austin 1983, no writ); *Rayson v. Johns*, 524 S.W.2d 380, 382 (Tex.Civ.App.—Texarkana 1975, writ ref'd n.r.e.)

In addition to determining the basic issues of partitionability in kind and the fractional interests of the parties, the trial court also has the power during the initial stage of the partition proceeding to adjust all equities between the parties. *See Sayers v. Pyland*, 139 Tex. 57, 161 S.W.2d 769 (1942); *Becker v. Becker*, 639 S.W.2d 23, 25 (Tex.App.—Houston [1st Dist.] 1982, orig. proceeding). The trial court thus applies the rules of equity in determining the broad question of how property is to be partitioned. *See Moseley v. Hearrell*, 141 Tex. 280, 171 S.W.2d 337, 338–39 (1943); *Cleveland v. Milner*, 141 Tex. 120, 170 S.W.2d 472, 476 (Tex.Comm'n App.1943,

opinion adopted); *Thomas*, 882 S.W.2d at 879.

Moreover, disputed issues of fact at this stage of the partition proceeding must be tried by a jury when one has been properly demanded. *Azios*, 653 S.W.2d at 113–14; *Rayson*, 524 S.W.2d at 382; *Redden v. Hickey*, 308 S.W.2d 225 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.).

Thus, proof is made to the factfinder at trial of the existence and value of improvements to the property at the time of partition and of other equitable considerations which may warrant awarding a particular portion of the property to one of the parties. *See Burton v. Williams*, 195 S.W.2d 245, 247–48 (Tex.Civ.App.—Waco 1946, writ ref'd n.r.e.). Based on the findings of the judge or jury, the trial court then appoints commissioners to make the actual division of the property and instructs them to take these matters into account in making the partition. *See Bouquet v. Belk*, 376 S.W.2d 361, 362–63 (Tex.Civ.App.—San Antonio 1964, no writ); *Burton*, 195 S.W.2d at 247–48; *see also Reid v. Howard*, 71 Tex. 204, 9 S.W. 109 (1888). Accordingly, the existence and value of improvements is a question for the factfinder, while the exact manner of valuing the real property on which they are situated and dividing that property into shares among the parties is accomplished by the commissioners.

Commissioners in partition have no judicial powers and no authority to take into consideration equitable claims that have not already been determined by the factfinder at trial and embodied in the trial court's instructions to them. *Stefka v. Lawrence*, 7 S.W.2d 894 (Tex.Civ.App.—Austin 1928, writ dism'd). Certainly the commissioners' decisions about where to divide the property involve mixed considerations of equity and property valuation. The equitable considerations, therefore, must be spelled out adequately in the trial court's instructions to the commissioners based on the findings or verdict. The commissioners' faithfulness in following those instructions is then subject to scrutiny by the trial court in response to

objections to the report of the commissioners under Rule 771.

■ The division of authority between the trial court and the commissioners in a partition action was nicely set forth in *Bouquet v. Belk,* 404 S.W.2d 862, 864–65 (Tex. Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.), where this court affirmed a trial court decree ordering partition in kind and setting forth instructions for the commissioners to follow in making the partition. The trial court, as trier of fact at a bench trial, found a ten-acre tract to be partitionable in kind, declared the parties' fractional interests therein, and found that, by virtue of improvements erected on the property, justice and equity required awarding that portion of the property to the party who had made the improvements. The court then appointed commissioners and ordered them to partition the property, to allot the property with improvements thereon to the party who had made them, and to determine the value thereof in relation to the interest of the party to whom it was awarded in order to calculate any owelty [2] that might be due. *Id.*

In the present case, the trial court erred in failing to hold a trial on the equitable considerations raised by the parties and which could not have been independently adjudicated by the commissioners appointed to partition the property. We sustain points of error one though four, six, seven and nine.

■ By his fifth point of error, appellant complains that he should have been allowed to present evidence to show that a fair partition could only have been made by separately dividing each of Share One and Share Three into three separate shares. In other words, he contends that the necessity for a separate division of separately situated tracts of land is another of the equitable considerations on which he is entitled to a jury determination and appropriate instructions to the commissioners.

■ However, where the properties are in several parcels, the owners are not entitled to a share of each property, but only to an equal share of the whole. *Moor v. Moor,* 63 S.W. 347, 351 (Tex.Civ.App.—San Antonio 1901, writ ref'd) (quoted with approval in *Sayers,* 161 S.W.2d at 772); *see also DeMarco v. Van Hees,* 493 S.W.2d 553, 555 (Tex.Civ. App.—Houston [14th Dist.] 1973, no writ). Accordingly, a partition among co-tenants must generally embrace the entire common estate, rather than parcel by parcel, and, where the estate in common consists of several tracts, it is not necessary that there should be assigned to each co-tenant a share in each parcel. *Ferguson v. Stringfellow & Hume,* 106 S.W. 762 (Tex.Civ.App.—Fort Worth 1907, writ ref'd); *see also* 68 C.J.S. *Partition* § 156(e).

■ We conclude that the decision whether to divide each parcel separately or to divide the whole among the parties is a matter to be determined by the commissioners rather than an equitable consideration for the factfinder at trial. The commissioners, rather than the trial court or the jury, have been entrusted with the authority and the duty of actually dividing the land according to the value of the respective shares. *McShan v. Johnson,* 151 S.W. 597, 598 (Tex. Civ.App.—San Antonio 1912, no writ); *see also Reid v. Howard,* 71 Tex. 204, 9 S.W. 109 (1888).

■ Although the commissioners exercise no judicial authority, neither do they exercise a purely ministerial duty without the exercise of some independent discretion on their part. A given quantity of real property to be partitioned is not generally a fungible mass, but may contain within its borders very different terrains, frontages, or other characteristics more or less valuable. Matters of valuation concerning the property itself and objective considerations concerning the best manner of dividing the property in accordance with the instructions given while retaining the highest value for the partitioned tracts, are entrusted to the commissioners and not the judge or jury. Whether the property in question should be divided separately or as a whole involves the valuation of the property itself

---

**2.** A payment made to the other party when it is impossible to partition land into units of exactly equal value.

and the best method of retaining that value after dividing it into smaller shares.

■ Moreover, if the parties believe that the commissioners have unjustly diminished the value of the property by partitioning it in a particular manner or that the commissioners have partitioned the property unequally among them, they may yet challenge the commissioners' report under Rule 771, which we believe is broad enough to include imprudent decisions with regard to the exact manner of the division made and the resulting value of the partitioned parcels.

We overrule appellant's fifth point of error.

■ By his eighth point of error, appellant complains that the trial court erred in refusing to allow him to present evidence that a partition in kind of Share One and Share Three would result in a loss of market value.

■ The partitionability in kind of the property is clearly a question for the trial court and the factfinder. *Azios,* 653 S.W.2d at 113. However, in the present case, appellant, by his pleadings, admitted that all portions of the property are partitionable in kind and has failed to timely raise an issue in the trial court about his present claim that Share One and Share Three may not be partitionable in kind without loss of market value. We overrule appellant's eighth point of error.

Because we hold that the trial court erred in failing to allow a trial of the equitable considerations raised by the parties to the present partition action, the remaining points of error raised by appellant are not dispositive and we need not address them. *See* Tex.R.App.P. 90(a).

In summary, we conclude that claims involving improvements to the property or other allegations that may favor awarding a particular tract to a particular party are equitable matters for the trial court and factfinder to determine before sending the matter to the commissioners with appropriate instructions thereon. However, whether to split each of several tracts equally among the parties or to divide the whole property to be partitioned by giving one whole tract to each party, or some combination of these methods, is a matter of property valuation and division which falls within the province of the commissioners and not the factfinder at trial.

Accordingly, we REVERSE the trial court's judgment and REMAND this case for trial consistent with this opinion.