**DANIEL v. ALLEN et al.**

No. 5309.

Court of Civil Appeals of Texas.
Texarkana.

May 18, 1939.

Rehearing Denied May 25, 1939.

Hatchell & Hatchell, of Longview, for appellant.

Lacy, Price & Williams, of Longview, and Foster T. Bean, of Kilgore, for appellees.

JOHNSON, Chief Justice.

Prior to the matters giving rise to this lawsuit, J. V. Borders and wife, Essie, owned in fee Lots 1, 2, 3, 10, 11 and 12 in Block 135 of the town of Kilgore, Gregg County, Texas. February 3, 1931, they executed in the usual form an oil and gas lease to O. B. Thompson covering all said lots. February 5th, they conveyed in fee, to Fred Bantuelle 60x150 feet off the west end of Lots 1, 2 and 3. March 6th they conveyed to O. K. Allen an undivided ½ interest in the minerals in and under all of said lots. May 16th they conveyed to Oliver Daniel an undivided ⅛ interest in the minerals in and under all of said lots. May 16th O. K. Allen conveyed to Oliver Daniel an undivided ⅛ interest in the minerals in and under all of said lots. Each of said mineral deeds expressly recited that they were made subject to the O. B. Thompson oil and gas lease. By reason of Borders' previous conveyance in fee to Fred Bantuelle of 60x150 feet off the west end of Lots 1, 2 and 3, Daniel's title to said portion of said lots failed. This suit was filed December 23, 1935, by Oliver Daniel against O. K. Allen and J. V. Borders and wife, Essie. The Potter Brothers Pipe Line Co., Inc., taking oil runs from wells on the land, was also made a party defendant.

The nature and purpose of plaintiff's petition as summarized in his brief, is to the effect that by reason of the failure of his title to that part of the land previously conveyed by the Borders to Bantuelle, plaintiff seeks by alleged construction of his deeds to have declared, as their legal effect, title vested in him out of the remaining portion of said Lots 1, 2, 3, 10, 11 and 12, owned by his grantors at the time of his conveyance, an undivided interest (in excess of the ¼ undivided interest expressed in his deeds) increased in proportion to the undivided interest which he lost by failure of his title to the part previously conveyed to Bantuelle. The defendants' answers, in addition to general denials, contain a number of special pleas not deemed necessary in disposition of the appeal to mention here.

At the close of the evidence the court peremptorily instructed the jury to return a verdict for defendants. Judgment was accordingly entered that plaintiff take nothing by reason of his suit. Plaintiff has appealed.

Appellant asserts that his propositions involve only two questions, namely:

"(1) A construction of the mineral deeds from Allen and Borders to Oliver Daniel;

"(2) Having determined that a correct interpretation of the instruments convey an undivided ¼th interest in and to the entire six lots, whether or not this interest can be culled from the remaining portion of the lots owned by Allen and Borders at the time of the conveyances."

There is no ambiguity, and none is claimed, in the deed from Allen to Daniel or in the deed from the Borders to Daniel. They each plainly and expressly convey to Daniel "an undivided ⅛ interest in and to all the oil, gas and other minerals in and under, and that may be produced from * * * Lots 1, 2, 3, 10, 11 and 12 of Block 135 in the town of Kilgore, Texas." Together the two deeds convey a ¼ undivided interest in the minerals in place in each and all units or parts of the six lots. Each deed contains a clause of general warranty of title. The title has failed to a certain part of the land, namely, 60x150 feet off the west end of Lots 1, 2 and 3, by reason of Borders' previous conveyance in fee to Bantuelle. Appellant contends that by process of construction or interpretation his deeds may be given the legal effect of authorizing him to take from the remaining portion of said land a sufficient undivided interest to account for that which he lost by failure of his title to a ¼ undivided interest in the part previously conveyed to Bantuelle. Appellant reasons the matter, in substance, as follows: The six lots are each 50x150 feet, comprising a total area of 45,000 square feet. It is calculated that appellant's ¼ undivided interest in the six lots would be equivalent to 11,250 square feet. That the Bantuelle area consists of 60x150 feet or 9,000 square feet, title to which failed. Subtracting the Bantuelle area from the original area left 36,000 square feet, out of which it is contended that appellant is entitled to carve or take an undivided interest equivalent to 11,250 square feet. Expressed in percentage, the con-

tention is that since his title to an undivided ¼ interest in 9,000 square feet has failed, appellant is entitled to be awarded judgment giving such legal effect to his deed as would establish in him title to 31.25% undivided interest in the remaining portion of said land, in lieu of the 25% undivided interest in the whole area of said land as expressed in his deeds. We are unable to sustain the contention. Partial failure of his title would not have the legal effect to alter the character of appellant's grant or increase the quantity of interest conveyed to him in any particular part of the land. Had appellant's deed conveyed to him "an undivided 11,250 square feet" or "11,250 square feet undivided" in the six lots, he would have been entitled to take his 11,250 square feet out of that portion of the land to which title of his grantors had not failed. "The law is well settled that where one conveys by general warranty deed a specific number of undivided acres out of a larger or several tracts of land, from which grantor has already conveyed a part, the deed conveys to grantee good title to his complement of acres out of the remainder of the land." Crayton v. Phillips, Tex.Civ.App., 297 S.W. 888, 890. But such is not the character of grant contained in appellant's deeds. His deeds do not purport to convey any specific number of square feet undivided out of said six lots. His deeds convey an undivided ¼ interest in each and all parts of the land, and upon failure of title to any part appellant must look to his warranty. He is not entitled to have other lands belonging to the grantor set off or decreed to him in lieu of that to which his title has failed. Wilbarger County v. Robinson, 5 Tex.Civ.App. 10, 23 S.W. 823. In First National Bank of Rockport v. Brown, Tex.Com.App., 15 S.W.2d 563, 564, the following language was used which we think illustrates the rule here applicable: "The bank did not undertake to convey the whole or any one or more acres nor the half of the tract as a physical entity. It did, in terms, sell (and undertake to convey) an undivided one-half interest in each and all units of the 372.3-acre tract, and its warranty was given relation to that whose conveyance was undertaken. Title failed, and the warranty was breached in respect to the one-half interest in 69½ acres."

The judgment is affirmed.