## THOMPSON v. WHITFIELD et al.

### No. 6273.

Court of Civil Appeals of Texas. Texarkana.

April 9, 1947.

Rehearing Denied April 17, 1947.

James & Lee, of Tyler, for appellant.

Brachfield, Wolfe & Williams, of Henderson, for appellees.

HARVEY, Justice.

Alma Thompson sued Mrs. Julia N. Whitfield, and others, in the district court of Panola County, Texas, for an equitable partition of 38 acres of land of the Sihon House Survey. The case was tried before the court without a jury, and from a judgment awarding him one-half the surface and one-fourth the minerals in fee, subject to sales made by him, with remainder of the surface during the life of Mrs. Whitfield, but denying the partition as sought, he has perfected this appeal. On a cross-action by Mrs. Whitfield for $750 as consideration for the land in question sold by her to Alma Thompson, the court denied a recovery on the theory that such action was prematurely brought.

The several points assigned as error relate to one question which in substance was the refusal of the trial court to apply the principle of equitable partition in this suit. Appellees take the position that the trial court ruled correctly because they were not co-tenants with appellant, had no right of possession, the 38 acre tract was not a part of or adjacent to the other tracts involved in the partition sought to be made, and for the additional reason that Alma Thompson knew that his vendor, Mrs. Julia N. Whitfield, owned only a one-half interest in the tract at the time he purchased it from her, which was all the interest that passed to him under her deed, and under such a state of facts he was not entitled to the relief sought by him under the doctrine of equitable partition.

Mrs. Julia N. Whitfield sold to Alma Thompson by warranty deed the 38 acres in question on February 1, 1942, reserving one-half of the minerals. The deed recited a consideration of $380, payable $30 in cash and the balance to be paid in seven yearly installments of one 500 pound bale of cotton, middling grade or better, and seven-eighths inch staple. The land covered by the deed was community property of Mrs. Whitfield and her deceased husband, under the terms of whose will all of his community interest in their property was devised to Mrs. Whitfield for life, with remainder to their six children. On the trial of this suit it was shown that there were about 700 acres of land in Panola County still owned by the community estate of Mr. and Mrs. Whitfield, consisting of a number of scattered tracts. It was agreed by the parties to the suit that all of such lands, including the 38 acre tract, was of uniform value as to the surface, and the evidence established that the value of the minerals under the 38 acre tract, subject to an outstanding oil lease, was $125 per acre, and the value of the minerals under other community lands in the county, aggregating about 671 acres, ranged in value from $50 to $125 per acre. The trial court found that the value of the one-half interest of Mrs. Whitfield in such community lands exceeded

in value the one-half interest of her children in the surface of the 38 acre tract plus their one-fourth interest in the minerals thereunder.

The doctrine of equitable partition is firmly embedded in our jurisprudence. Its just, sound and salutary principle, simply stated, is that where one tenant in common has conveyed a specific part of a tract of land which does not exceed in value the interest of such tenant in common in the whole tract, so that the co-tenant or tenants not joining in the conveyance were not prejudiced or damaged thereby, equity in adjusting the respective rights of the parties will uphold the conveyance. Differently stated, the grantee of a specific part of a tract by one of the co-tenants of such entire tract has the right to have the whole property and all interested parties brought into a partition proceeding for the purpose of determining whether or not in adjusting the equities of all the parties he shall be entitled to receive from his grantor's interest therein the specific parcel embraced in the conveyance to him. Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co., 136 Tex. 158, 125 S.W.2d 263; Furrh v. Winston, 66 Tex. 521, 1 S.W. 527; Germany v. Turner, 132 Tex. 491, 123 S. W.2d 874. As a prerequisite to the right of equitable partition, the parties against whom the remedy is sought must be joint owners of the estate sought to be partitioned. We are not apprised of any case which extends the doctrine to other and distinct lands from the tract involved in the partition; that is, that announces a rule that a grantee of a specific part of land held in common by his grantor with others can require the co-tenants of his grantor to resort to different lands owned by them and such grantor in an adjustment of their equities in order that the conveyance to him might be upheld. In the case of Furrh v. Winston, supra, relied upon by appellant, the 6 acre tract in controversy was included in one large body of 2,160 acres, consisting of six contiguous tracts, in which the parties were co-tenants. In addition, all the parties involved in the partition that was sought held under the same source of title, Mary E. Waskom. The court applied the doctrine of equitable partition and set apart to the purchaser from one of the tenants in common the specific tract sold to him. Findlay v. State, 113 Tex. 30, 250 S.W. 651, 655 cited by appellant, is quite distinguishable from the instant case. The court's decision therein was predicated upon the fact that the non-conveying tenant in common, the State of Texas, which was plaintiff in the trial court, elected to ratify the sales made by the other tenants in common, so pleaded in its petition, and sought to obtain its undivided interest out of remaining unsold lands. This is indicated by the following paragraph from a precedent cited in that opinion:

" 'Where one tenant in common conveys a certain portion of the common property by description, the others may, by ratifying the sale, charge the former with the proceeds of the sale, and, without making the vendees parties to the action, sue for a partition of the remainder.' "

In the same opinion, the court gave approval to the principle of law as presented to the court by one of the parties to the suit, and couched in the following language;

" 'Partition is applicable only to a common ownership, where each has a partial title to every part of the land. It therefore has no application to a case where the separate parcels are separately owned.' " We include this last excerpt by reason of observations we shall make with reference to the case of Broom v. Pearson, Tex.Civ. App., 180 S.W. 895, 898, by this court. Appellees stress the latter case, wherein the factual situation is different to that which we have under consideration, but with the logic of which we are in entire accord. The pertinent part of the opinion is as follows:

"The purchaser from Mary L. Hamilton cannot claim subrogation to any rights she might have held regarding other and different tracts of land. Let us suppose that after the sale of the Hamilton tract to Cameron the Davis children, while still holding and claiming all of the 300 acres, had brought suit against the purchaser for their interest. Could the latter defend by

saying that the Davis children held other lands owned by his grantor, and compel them to resort to those lands for satisfaction? We know of no instance where the courts have gone that far in protecting the purchaser of specific portions from a tenant in common. The most such a purchaser could claim would be to have the land purchased set apart to him in the division sought, provided that could be done without injury to the Davis children. The purchaser bought at his peril, and must be satisfied with the title he acquired at the time. He did not become invested with any equities that would authorize him to compel the partition of other lands or the adjustment of other equities between the co-tenants in order that he might hold his purchase."

In the present case, Alma Thompson bought from Mrs. Whitfield with constructive notice of the fact that she owned only a one-half interest in the 38 acre tract. No facts are pleaded upon which to invoke equitable relief. True, it was alleged and proven that Mrs. Whitfield owned an interest in other tracts in the county of equal value to the one in controversy. However, Thompson, having bought at his risk, when title to part of the land purchased failed, he had a legal remedy upon his warranty of title. In such a situation there is no basis upon which equity should intervene. Wilbarger County v. Robinson, 5 Tex.Civ.App. 10, 23 S.W. 823. The doctrine of equitable partition would have application in a division of the 38 acres between Thompson and the co-tenants of Mrs. Whitfield, if it was of uniform value, and his 19 acres would be set aside to him so as to include any improvements placed thereon by him.

Another cogent reason why the theory of equitable partition is not applicable in this case is that if the non-conveying tenants in common were to be forced to take their share of land in other tracts under a different source of title in lieu of their share in the tract sold, they would run the risk of being relegated to a defective title. Broom v. Pearson, supra, is illustrative of this practical obstacle to involving tracts in the partition other than the one in which the interest of tenants in common has been sold by another tenant in common. In that case, the purchaser from Mary L. Hamilton sought to force her co-tenants to resort to her interest in another tract as compensation for their share in the first tract that she had sold. It appears from the opinion in that case that the heirs of Mary L. Hamilton sued to recover an interest in the identical tract out of which it was sought to compel the non-conveying co-tenants to accept an interest in lieu of their part which had been sold, and were unsuccessful. The injustice that would have resulted had they been compelled to do so is readily apparent. We do not think that the doctrine of equitable partition should be extended so as to involve a tract or tracts separate and apart and coming under different sources of title to the one concerned in a sale by a tenant in common, but an adjustment of equities should be confined to the land directly involved.

In view of our holding herein, it is unnecessary to pass upon the point raised with respect to the consideration for the 38 acres. Title to one-half of the tract having failed, Thompson has paid, or nearly so, for the one-half interest acquired by him, whether we regard the consideration as $380, or of one bale of cotton for seven consecutive years, plus the $30 cash payment. By the acceptance in cash of the value of one bale of cotton for three years, the required annual payments have been satisfied, and in a possible cause of action upon the warranty all that would be involved would be about one-half a bale of cotton or its value on its delivery date. However, in view of the possibility of such a suit on the warranty, we express the opinion that by reason of the wording of the note reserved in the deed, as well as the course of dealing between the parties and other facts we shall omit detailing, the agreement of the parties was that one bale of cotton should be paid on September 1 for seven consecutive years.

We are of the opinion that the trial judge properly denied the relief sought by the plaintiff through an equitable partition; however, the judgment is reversed and re-

manded in order that an opportunity will be afforded the parties, on amended pleading, to partition the 38 acre tract and adjust any other equities to which any of them might be entitled.