Opinion filed August 3, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00190-CV

_____

## JACY GATES, Appellant

## V.

## DENISE MCDONALD AND DIANA DOBBINS, Appellees

**On Appeal from the 42nd District Court**

**Coleman County, Texas**

**Trial Court Cause CV20-01034**

## M E M O R A N D U M   O P I N I O N

This appeal arises from the first phase of partition proceedings.[1] Appellees Diana Dobbins and Denise McDonald filed a petition for partition in kind of a 52.04-acre parcel of land in Coleman County (the Property) owned by Appellees and Jacy Gates (Gates). Gates generally denied Appellees' claims and requested that, should

---

[1]Appellant has also filed an appeal focusing on the second phase of the partition proceedings. That appeal, which is currently pending in this court, is Cause No. 11-22-00054-CV. The opinion in Cause No. 11-22-00054-CV is being issued on the same date as the issuance of the opinion in this appeal.

the trial court find that the Property was partitionable in kind, the trial court deny Appellees' request for equitable adjustments based upon their respective ownership of adjoining properties.

After a bench trial, the trial court determined that the Property was susceptible to partition in kind, entered a Decree of Partition, and appointed commissioners to partition the land in a manner consistent with the Decree of Partition's instructions. Gates challenges the trial court's Decree of Partition in four issues. We affirm.

*Background Facts*

The Property was originally part of a larger plot of land belonging to John William Walthall and Nellie Ruth Walthall. The Walthalls divided the larger plot into three 52.04-acre tracts and created a trust for the benefit of their three daughters: Diana Dobbins, Denise McDonald, and Deborah Gates. The trust was designed to distribute one 52.04-acre tract to each daughter. Dobbins received the easternmost tract, and McDonald received the northernmost tract. Because Deborah predeceased her parents, her tract was distributed to her four children in 2014, with each child receiving a 25% interest in the Property.

In 2019, Gates's three siblings sold their respective 25% interests in the Property to Appellees. Gates retained his 25% interest. Thus, Appellees each owned a 37.5% interest in the Property when they filed their petition for partition in kind.

The Property is largely undeveloped. The only improvements that have been made are a stock tank/pond with a pump house that Dobbins maintains. As such, Appellees requested that the trial court award the southeastern portion of the Property, where the stock tank/pond is located, to Dobbins. Further, Appellees requested that McDonald be awarded the northern portion of the Property, so that both Appellees' awarded portions would be contiguous to their adjacent land. Gates's position was that "[Appellees'] ownership of additional real property . . . is not an equity to be adjusted amongst these parties."

2

A bench trial was held in 2021 to complete the first phase of partition proceedings. At the bench trial, Dobbins testified that she owns an easement to use the water from the stock tank/pond located on the southeastern portion of the Property and that she has paid for all required maintenance on the pump house. Dobbins stated that she had "safety concerns" with Gates being close to her home. Dobbins explained that she was concerned about Gates hunting near her adjacent land. Dobbins also testified that she did not "want [Gates] as a neighbor that can see through [her] kitchen window if he was to be at the tank."

McDonald testified that she had installed fencing along the shared border between her land and the northern portion of the Property. McDonald stated that she used her land to raise cattle and that she wanted to expand her cattle operation onto the northern portion of the Property. McDonald explained that she had "concerns" with Gates being awarded a tract that was "sandwiched between two tracts that [McDonald] might own" because it would interfere with her plans to fence in the northern portion of the Property and to expand her cattle operation.

Appellees also called Samuel Paul Walker, a generally certified real estate appraiser, to testify about the appraisal report he prepared at Appellees' request. Walker testified about the process of preparing the appraisal report and stated that, in his opinion, (1) the Property's best use was for agriculture and recreation; (2) the Property's value was $125,000 total ($2,400 per acre); and (3) the proposed partition contained in the appraisal report divided the Property "equal[ly] in utility" and would increase the total value of the Property to $144,000. The appraisal report was admitted into evidence in its entirety over Gates's objection.

After the bench trial, the trial court entered its Decree of Partition. The decree ordered that each party should be granted a portion of land consistent with their ownership interests. It also instructed that, in balancing the equities, Dobbins should receive an eastern portion of the Property that included the stock tank/pond, and

3

McDonald should receive a northern portion of the Property. The parties did not request, nor does the record contain, findings of fact or conclusions of law.

*Analysis*

A partition case consists of two decrees that are both final and appealable. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980); *Bowman v. Stephens*, 569 S.W.3d 210, 221 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no writ). In the first decree, the trial court determines the following: the share or interest of each owner in the property that the owners seek to divide, all questions of law or equity that may affect title, and whether the property in dispute is subject to partition or sale. TEX. R. CIV. P. 760, 761, 770; *Ellis*, 864 S.W.2d at 557. Further, the trial court is required to appoint three or more disinterested persons as commissioners who shall partition the property in dispute pursuant to the trial court's decree; the trial court may also provide directions to the commissioners as may be necessary and appropriate. *See* TEX. R. CIV. P. 760, 761.

With respect to the second decree, the commissioners "shall proceed to partition the real estate described in the decree of the court, in accordance with the directions contained in such decree and with the provisions of law and these rules." TEX. R. CIV. P. 766. After the partition is completed, the commissioners must submit, under oath, a written report to the trial court. TEX. R. CIV. P. 769. Within thirty days after the commissioners file the report, any party to the partition suit may file objections with the trial court. TEX. R. CIV. P. 771. The party who objects to the report bears the burden of proving that the report is materially erroneous or that the partition is unequal and unjust. *Bowman*, 569 S.W.3d at 222; *Ellis*, 864 S.W.2d at 557. However, the trial court must reject the report and appoint a new panel of commissioners if it finds that the report is (1) materially erroneous in any respect or

4

(2) unequal and unjust. TEX. R. CIV. P. 771; *see Bowman*, 569 S.W.3d at 222; *Ellis*, 864 S.W.2d at 557.

*Consideration of Appellees' Adjacent Land*

In Gates's first issue, he contends that the trial court erred by considering Appellees' adjacent land when providing Appellees with an equitable adjustment in its Decree of Partition. In this regard, the trial court's Decree of Partition provides as follows:

> 5.    In balancing the equities, the Court ORDERS that Diana Dobbins should be awarded a tract in equal value to her 37.5 % interest, on the east side of the Property which shall include the tank/pond, and Denise McDonald should be awarded a tract in equal value to her 37.5% interest that is located on the Northern most portion of the Property.

In advancing this issue, Gates is asserting a legal question as to the equitable considerations that the trial court may weigh in the first phase of a partition proceeding.

"The rules of equity govern the trial court's partition of property." *Bowman*, 569 S.W.3d at 223 (citing *Williams v. Mai*, No. 01-11-00611-CV, 2012 WL 6644704, at *4 (Tex. App.—Houston [1st Dist.] Dec. 20, 2012, no pet.) (mem. op.)). "A trial court exercises broad discretion in balancing the equities involved in a case seeking equitable relief." *Id.* (citing *Stracener v. Stracener*, No. 12-10-00270-CV, 2011 WL 2766802, at *1 (Tex. App.—Tyler July 13, 2011, no pet.) (mem. op.)). "An appellate court will not disturb a trial court's ruling on a claim seeking equitable relief unless it is arbitrary, unreasonable, or without regard to guiding legal principles." *Id.* (citing *Williams*, 2012 WL 6644704, at *4); *see Wagner & Brown., Ltd. v. Sheppard*, 282 S.W.3d 419, 429 (Tex. 2008).

Gates cites *Thompson v. Whitfield* for the proposition that, as a general principle of law, "an adjustment of equities should be confined to the land directly

involved." 203 S.W.2d 268, 271 (Tex. App.—Texarkana 1947, writ ref'd n.r.e.). Gates's reliance on *Thompson* is misplaced. The context of Gates's quoted passage from *Thompson* reads as follows:

> Another cogent reason why the theory of equitable partition is not applicable in this case is that if the non-conveying tenants in common were to be forced to take their share of land in other tracts under a different source of title in lieu of their share in the tract sold, they would run the risk of being relegated to a defective title. . . . We do not think that the doctrine of equitable partition should be extended so as to involve a tract or tracts separate and apart and coming under different sources of title to the one concerned in a sale by a tenant in common, but an adjustment of equities should be confined to the land directly involved.

*Id.* Therefore, the court in *Thompson* did not limit the consideration of equities in cases where equitable partition is proper. Rather, the *Thompson* court merely reconfirmed that equitable partition is only applicable in situations where each common owner has partial title to every aspect of the property at issue. *See id.* at 270–71. There is no dispute as to the fact that Gates and Appellees are co-owners of undivided interests in the tract at issue. Therefore, the *Thompson* court's holding does not impact the trial court's ability to consider Appellees' adjacent land in this case.

Gates further asserts that *Yturria v. Kimbro*, 921 S.W.2d 338 (Tex. App.—Corpus Christi–Edinburg 1996, no pet.), held that improvements to the land are the "fundamental" equitable considerations that trial courts may assess. Gates's contention is misguided. The specific language in *Yturria* reads: "[P]roof is made to the factfinder at trial of the existence and value of improvements to the property at the time of partition *and of other equitable considerations* which may warrant awarding a particular portion of the property to one of the parties." 921 S.W.2d at 342 (emphasis added). While *Yturria* does not elaborate on what other equitable considerations are proper for a trial court to consider, it specifically permits equitable

considerations other than improvements to the property to be balanced and does not assign weight to any particular equitable consideration. *See id.* at 344.

Nevertheless, Gates's position that "there is not a single case that supports [Appellees'] ownership of adjacent real property to be a matter of equity" is not entirely misplaced. While there is ample case law using the language "and other equitable considerations," there is scant case law defining what "other" equitable considerations may be considered. *See, e.g.*, *Bowman*, 569 S.W.3d at 221; *Carter v. Harvey*, 525 S.W.3d 420, 425 (Tex. App.—Fort Worth 2017, no pet.); *Snow v. Donelson*, 242 S.W.3d 570, 572 (Tex. App.—Waco 2007, no pet.).

In *George v. Taylor*, the Fort Worth Court of Appeals stated that the trial court "had the authority to adjust and enforce between the cotenants *every conceivable equity relating to the parties and the property*." 296 S.W.2d 620, 624 (Tex. App.—Fort Worth 1956, writ ref'd n.r.e.) (emphasis added). Similarly, in *Smith v. Cooper*, the Texarkana Court of Appeals referenced Missouri and Oregon case law to support its proposition that equitable considerations should be related to the property in question. The court noted the following:

In the Missouri case, the court said:

> "The circuit court may exercise a wide latitude in the adjustment of equities among the parties to a partition suit. . . . The equities to be adjusted, however, must be necessity [sic] be those which have arisen from or are in some way connected with the real estate to be partitioned; they must be claims relating to the common property."

The Oregon Supreme Court said:

> "We think that in the interest of orderly procedure a suit for partition of property should be limited to an adjustment of the interests of the parties as co-tenants. . . ."

7

541 S.W.2d 274, 277 (Tex. App.—Texarkana 1976, no writ) (quoting *Richardson v. Kuhlmyer*, 250 S.W.2d 355, 360 (Mo. 1952); then quoting *Palmer v. Protrka*, 476 P.2d 185, 189 (Or. 1970)).

Therefore, contrary to Gates's contention that Texas courts limit an adjustment of the equities to the property directly at issue, Texas courts have only gone so far as to limit proper equitable considerations to those *related* to the property at issue. As a result, Appellees' adjacent land was a proper equity for the trial court to consider because their adjacent land is directly tied to the Appellees' plans for the Property. Accordingly, we overrule Gates's first issue.

*Sufficiency of the Evidence*

In Gates's third and fourth issues, he challenges the legal and factual sufficiency of the evidence supporting the trial court's Decree of Partition. He asserts that there was "no evidence (legal insufficiency) regarding various elements of the Decree" and seeks a rendition of the judgment. In the alternative, Gates seeks a new trial because "there is insufficient evidence (factual insufficiency) as well." Gates directs his evidentiary challenges toward the "balancing the equities" provision of the Decree of Partition that we cited above.

When findings of fact or conclusions of law were not requested or filed, we assume the trial court "made all the findings necessary to support its judgment." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). If some evidence supports the judgment, it must stand. *Ware v. Ware*, 809 S.W.2d 569, 572 (Tex. App.—San Antonio 1991, no writ) (citing *Lemons v. EMW Mfg.*, 747 S.W.2d 372, 373 (Tex. 1988)); *see Grimes v. Collie*, 733 S.W.2d 338, 341 (Tex. App.—El Paso 1987, no writ) ("Appellate courts may imply fact findings by the trial court to sustain the judgment, including issues as to title of property."). In determining whether there is "some" evidence to imply findings of fact that support the judgment, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that

8

which is opposed to it or contradictory in its nature." *Worford*, 801 S.W.2d at 109 (quoting *Renfro Drug Co. v. Lewis*, 235 S.W.2d 609, 613 (Tex. 1950)).

The trial court's findings in a partition suit, as in the trial of all other cases, may be attacked on appeal for legal and factual sufficiency. *Carson v. Hagaman*, 884 S.W.2d 194, 198 (Tex. App.—Eastland 1994, no writ). When reviewing the sufficiency of the evidence to support the trial court's express or implied findings, we apply the same standards of review that apply to a jury's verdict. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 663 n.3 (Tex. 2009) (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994)).

When the appellant challenges the legal sufficiency of the evidence supporting an adverse finding on which he did not have the burden of proof at trial, he must demonstrate that there is no evidence to support the adverse finding.[2] *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). Under a legal sufficiency review, we consider all of the evidence in the light most favorable to the prevailing party, make every reasonable inference in that party's favor, and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller*, 168 S.W.3d at 807, 822, 827. We cannot substitute our judgment for that of the factfinder if the evidence falls within this zone of reasonable disagreement. *Id.* at 822.

The evidence is legally insufficient to support a finding only if (1) the record discloses a complete absence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810. "Anything more than a scintilla of evidence is legally sufficient to support the finding."

---

[2]We assume for the purpose of our analysis that Appellees had the burden of proof on their request for an equitable consideration concerning their neighboring properties.

*Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). "More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions." *Burbage v. Burbage*, 447 S.W.3d 249, 259 (Tex. 2014). "However, if the evidence is so weak that it only creates a mere surmise or suspicion of its existence, it is regarded as no evidence." *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 156 (Tex. 2014).

If a party attacks the factual sufficiency of an adverse finding on an issue in which the other party had the burden of proof, the attacking party must demonstrate that there is insufficient evidence to support the adverse finding. *Croucher*, 660 S.W.2d at 58. In a factual sufficiency challenge, we consider and weigh all of the evidence, both supporting and contradicting the finding. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). We may set aside the finding only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We may not substitute our own judgment for that of the factfinder or pass upon the credibility of witnesses. *Mar. Overseas Corp.*, 971 S.W.2d at 407.

Gates contends that the evidence was legally insufficient because the trial court had no evidence to support Paragraph 5 of the Decree of Partition. Gates further contends that the evidence is factually insufficient because there was no permissible evidence in the record supporting the trial court's balancing of the equities, other than his legal contention that the trial was not permitted to consider Appellees' adjacent land. However, by overruling his first issue, we have rejected Gates's legal argument.

As we previously noted, both Appellees testified that they planned to use their proposed portions of the Property in a manner consistent with the activities they

10

already conducted on their adjacent land. Additionally, Dobbins testified that Appellees had a "strained" relationship with Gates. Dobbins expressed concern with Gates hunting so close to her land. Further, Dobbins already had an easement to use the stock tank/pond, and she had been the only one maintaining the attached pump house.

McDonald had already installed border fencing between her adjacent land and the Property. McDonald testified that she wanted to expand her cattle operation and run cattle on the Property. McDonald also testified about being concerned if Gates were to be awarded a tract "sandwiched in" between her tracts.

Thus, in addition to the evidence that Appellees owned neighboring tracts of property, there were other items of evidence that supported the trial court's decision for neighboring tracts of the Property to be awarded to Appellees. Under the applicable standards of review, the evidence was both legally and factually sufficient to support the trial court's Decree of Partition. We overrule Gates's third and fourth issues.

*Admission of Appraisal Report*

In Gates's second issue, he contends that the trial court erred by admitting and relying upon an appraisal report prepared at the request of Appellees. Gates asserts that the appraisal report includes discussions of the value of the property, which is a matter solely entrusted to the commissioners. Appellees assert that Gates failed to preserve this issue and that, even if he properly preserved the issue, there is no evidence that the trial court relied on the report because "there was additional unchallenged evidence admitted at trial that was cumulative of the Report, thus rendering the admission of the Report harmless error."

"As a prerequisite to presenting a complaint for appellate review, the record must show" that a complaint was made to the trial court by an objection that "stated the grounds for the ruling that the complaining party sought from the trial court with

11

sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1)(A). The trial court must have "(A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection or motion, and the complaining party objected to the refusal." *Id.* R. 33.1(a)(2). "A general objection to a unit of evidence as a whole, . . . which does not point out specifically the portion objected to, is properly overruled if any part of it is admissible." *Speier v. Webster College*, 616 S.W.2d 617, 619 (Tex. 1981) (quoting *Brown & Root, Inc. v. Haddad*, 180 S.W.2d 339, 341 (Tex. 1944)).

Gates first made the following objection to the appraisal report: "I would generally object to just en mass submitting the entire appraisal report as an exhibit. If she wants to ask him questions about it, I understand that. But I don't know that it's appropriate just to generally admit the entire appraisal report as an exhibit." The trial court overruled this objection and admitted the appraisal report into evidence. Gates later made a relevance objection when Appellees sought to introduce a portion of the appraisal report. Gates's second objection was as follows: "[O]bviously it's in the report, Your Honor, but I would object to its relevance. This Court doesn't determine value, the commissioners do." *See Yturria*, 921 S.W.2d at 343 ("Matters of valuation concerning the property itself and objective considerations concerning the best manner of dividing the property in accordance with the instructions given while retaining the highest value for the partitioned tracts, are entrusted to the commissioners and not the judge or jury."). Gates's objection was overruled, and the offered portion of the appraisal report was admitted into evidence.

Assuming, without deciding, that Gates preserved his objection and that the trial court erred by admitting the appraisal report, we conclude that the error did not cause the rendition of an improper judgment. "In a bench trial, we presume that the trial court, in its role as factfinder, disregarded any improperly admitted evidence." *Richard Nugent & CAO, Inc. v. Estate of Ellickson*, 543 S.W.3d 243, 260 (Tex.

12

App.—Houston [14th Dist.] 2018, no pet.) (citing *Kenny v. Portfolio Recovery Assocs.*, 464 S.W.3d 29, 32 (Tex. App.—Houston [1st Dist.] 2015, no pet.)); *see also Gillespie v. Gillespie*, 644 S.W.2d 449, 450 (Tex. 1982). Thus, we presume that the trial court disregarded any improperly admitted evidence concerning the appraiser's valuation of the Property. Additionally, nothing in the Decree of Partition states that the trial court relied on the appraiser's valuations in making its decision. Accordingly, the record does not show that Gates suffered any harm from the admission of the values in the appraisal report. We overrule Gates's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.



JOHN M. BAILEY
CHIEF JUSTICE


August 3, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.